**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
**MANHATTAN DIVISION**

| | |
|---|---|
| UNIFIED MESSAGING SOLUTIONS LLC, | |
| Plaintiff, | Civil Action No. 1-12-cv-03617-JMF |
| v. | **JURY TRIAL DEMANDED** |
| MORGAN STANLEY, MORGAN STANLEY & CO. LLC, and MORGAN STANLEY SMITH BARNEY LLC, | |
| Defendants. | |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Unified Messaging Solutions LLC files this First Amended Complaint against Morgan Stanley, Morgan Stanley & Co. LLC, and Morgan Stanley Smith Barney LLC for infringement of U.S. Patent No. 6,857,074 ("the '074 patent"), U.S. Patent No. 7,836,141 ("the '141 patent"), U.S. Patent No. 7,895,306 ("the '306 patent"), U.S. Patent No. 7,895,313 ("the '313 patent"), and/or U.S. Patent No. 7,934,148 ("the '148 patent").

## THE PARTIES

1.      Unified Messaging Solutions LLC ("Unified Messaging") is a limited liability company organized and existing under the laws of the State of Texas, with principal places of business located in Newport Beach, California and Frisco, Texas.

2.      Morgan Stanley is a Delaware corporation with its principal place of business in New York, New York. This Defendant may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. This Defendant does business in the State of New York and in the Southern District of New York.

3.      Morgan Stanley & Co. LLC is a Delaware limited liability company with its principal place of business in New York, New York. This Defendant may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. This Defendant does business in the State of New York and in the Southern District of New York.

4.      Morgan Stanley Smith Barney LLC (together with Morgan Stanley and Morgan Stanley & Co. LLC, "Defendants") is a Delaware limited liability company with its principal place of business in New York, New York. This Defendant may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. This Defendant does business in the State of New York and in the Southern District of New York.

## JURISDICTION AND VENUE

5.      Unified Messaging brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

6.      This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business in this judicial district, and/or has regular and established places of business in this judicial district.

8.      Each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the New York Long Arm Statute, due at least to their substantial business in this State and judicial district, including: (A) at least part of their

infringing activities alleged herein; and (B) regularly doing or soliciting business and, accordingly, deriving substantial revenue from goods and services provided to New York residents.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 6,857,074)

9.      Unified Messaging incorporates paragraphs 1 through 8 herein by reference.

10.     Unified Messaging is the exclusive licensee of the '074 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '074 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '074 patent is attached as Exhibit A.

11.     The '074 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

12.     Defendants have directly and/or indirectly infringed and continue to directly and/or indirectly infringe one or more claims of the '074 patent in this judicial district and elsewhere in New York and the United States, including at least claims 1, 2, and 4, without the consent or authorization of Unified Messaging, by or through their making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of various web-based messaging service(s) via their website(s) and/or attendant web server(s).

13.     More particularly, Defendants have committed direct infringements as alleged in Count I at least through operation of their MSSB Secure Mail feature of their online banking and brokerage offerings accessible through their website, www.morganstanleyclientserv.com.

3

14.     Unified Messaging has been damaged as a result of Defendants' infringing conduct described in this Count I.  Defendants are, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II

### (INFRINGEMENT OF U.S. PATENT NO. 7,836,141)

15.     Unified Messaging incorporates paragraphs 1 through 14 herein by reference.

16.     Unified Messaging is the exclusive licensee of the '141 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '141 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement.  A true and correct copy of the '141 patent is attached as Exhibit B.

17.     The '141 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

18.     Defendants have directly and/or indirectly infringed and continue to directly and/or indirectly infringe one or more claims of the '141 patent in this judicial district and elsewhere in New York and the United States, including at least claims 1, 14, 18-22, 24, 29, and 30, without the consent or authorization of Unified Messaging, by or through their making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of various web-based messaging service(s) via their website(s) and/or attendant web server(s).

4

19.     More particularly, Defendants have committed direct infringements as alleged in Count II at least through operation of their MSSB Secure Mail feature of their online banking and brokerage offerings accessible through their website, www.morganstanleyclientserv.com.

20.     Unified Messaging has been damaged as a result of Defendants' infringing conduct described in this Count II.  Defendants are, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III

### (INFRINGEMENT OF U.S. PATENT NO. 7,895,306)

21.     Unified Messaging incorporates paragraphs 1 through 20 herein by reference.

22.     Unified Messaging is the exclusive licensee of the '306 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '306 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement.  A true and correct copy of the '306 patent is attached as Exhibit C.

23.     The '306 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

24.     Defendants have directly and/or indirectly infringed and continue to directly and/or indirectly infringe one or more claims of the '306 patent in this judicial district and elsewhere in New York and the United States, including at least claims 1, 5, 8, 24, 25, 37, 38, and 40, without the consent or authorization of Unified Messaging, by or through their making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing,

delivering, and managing messages through operation of various web-based messaging service(s) via their website(s) and/or attendant web server(s).

25.     More particularly, Defendants have committed direct infringements as alleged in Count III at least through operation of their MSSB Secure Mail feature of their online banking and brokerage offerings accessible through their website, www.morganstanleyclientserv.com.

26.     Unified Messaging has been damaged as a result of Defendants' infringing conduct described in this Count III. Defendants are, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT IV

### (INFRINGEMENT OF U.S. PATENT NO. 7,895,313)

27.     Unified Messaging incorporates paragraphs 1 through 26 herein by reference.

28.     Unified Messaging is the exclusive licensee of the '313 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '313 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '313 patent is attached as Exhibit D.

29.     The '313 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

30.     Defendants have directly and/or indirectly infringed and continue to directly and/or indirectly infringe one or more claims of the '313 patent in this judicial district and elsewhere in New York and the United States, including at least claims 10 and 11, without the

consent or authorization of Unified Messaging, by or through their making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of various web-based messaging service(s) via their website(s) and/or attendant web server(s).

31.     More particularly, Defendants have committed direct infringements as alleged in Count IV at least through operation of their MSSB Secure Mail feature of their online banking and brokerage offerings accessible through their website, www.morganstanleyclientserv.com.

32.     Unified Messaging has been damaged as a result of Defendants' infringing conduct described in this Count IV. Defendants are, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT V

### (INFRINGEMENT OF U.S. PATENT NO. 7,934,148)

33.     Unified Messaging incorporates paragraphs 1 through 32 herein by reference.

34.     Unified Messaging is the exclusive licensee of the '148 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '148 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '148 patent is attached as Exhibit E.

35.     The '148 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

36.    Defendants have directly and/or indirectly infringed and continue to directly and/or indirectly infringe one or more claims of the '148 patent in this judicial district and elsewhere in New York and the United States, including at least claims 1, 7-8, 11, 13, 34, 36, 57, 65, 84, 90-91, 96, 114, 135, 138, 140, 142, 146, 154, and 173 without the consent or authorization of Unified Messaging, by or through their making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of various web-based messaging service(s) via their website(s) and/or attendant web server(s).

37.    More particularly, Defendants have committed direct infringements as alleged in Count V at least through operation of their Statements and Reports feature and their MSSB Secure Mail feature of their online banking and brokerage offerings accessible through their website, www.morganstanleyclientserv.com.

38.    Unified Messaging has been damaged as a result of Defendants' infringing conduct described in this Count V.  Defendants are, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Unified Messaging hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Unified Messaging requests that the Court find in its favor and against Defendants, and that the Court grant Unified Messaging the following relief:

a.     Judgment that one or more claims of the '074, '141, '306, '313, and '148 patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendants;

b.     Judgment that Defendants account for and pay to Unified Messaging all damages to and costs incurred by Unified Messaging because of Defendants' infringing activities and other conduct complained of herein;

c.     Judgment that Defendants account for and pay to Unified Messaging a reasonable, on-going, post-judgment royalty because of Defendants' infringing activities and other conduct complained of herein;

d.     That Unified Messaging be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein; and

e.     That Unified Messaging be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated: June 5, 2012**

Respectfully submitted,

/s/ _____

Steven M. Hayes
HANLY CONROY BIERSTEIN
SHERIDAN FISHER & HAYS LLP
112 Madison Avenue
New York, NY 10016-7416
(212) 784-6400 main
(212) 213-5949 fax
shayes@hanlyconroy.com


Edward R. Nelson, III (*pro hac vice*)
Texas State Bar No. 00797142
Attorney-in-Charge
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300

Fort Worth, Texas 76107
(817) 377-9111
(817) 377-3485 (fax)
enelson@nbclaw.net

**Attorneys for Plaintiff**
**Unified Messaging Solutions LLC**

## CERTIFICATE OF SERVICE

I hereby certify that Peter J. Armenio, counsel for Defendants, consented via e-mail on June 5, 2012, to accept service of the First Amended Complaint for Patent Infringement on behalf of Defendants. I further certify that Mr. Armenio was served a copy of the First Amended Complaint for Patent Infringement via e-mail on June 5, 2012.

**Dated:** June 5, 2005

_____
Edward R. Nelson, III